Valle Anaya v. Garland

BIA
Mulligan, IJ
A093 394 086

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of July, two thousand twenty-two.

PRESENT:
> ROSEMARY S. POOLER,
> RICHARD C. WESLEY,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

---

JAVIER ALFREDO VALLE ANAYA,
> *Petitioner*,

v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent*.

20-2737
NAC

---

FOR PETITIONER: Gary J. Yerman, New York, NY.

FOR RESPONDENT: Brian M. Boynton, Acting Assistant Attorney General; Alison M. Igoe, Senior Counsel for National Security; Drew C. Brinkman, Senior

Counsel for National Security,
Office of Immigration Litigation,
United States Department of
Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Javier Alfredo Valle Anaya, a native and citizen of Colombia, seeks review of a July 22, 2020, decision of the BIA affirming an October 6, 2019, decision of an Immigration Judge ("IJ") denying his application for deferral of removal under the Convention Against Torture ("CAT"). *In re Javier Alfredo Valle Anaya,* No. A 093 394 086 (B.I.A. Jul. 22, 2020), *aff'g* No. A 093 394 086 (Immig. Ct. N.Y. City Oct. 6, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we review the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005) ("Where the BIA adopts the decision of the IJ and merely supplements the IJ's decision, however, we review the decision of the IJ as supplemented by the BIA."). The applicable standards of review are well

2

established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing the adverse credibility determination under a substantial evidence standard).

I.  Adverse Credibility

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness" and inconsistencies within and between an applicant's statements and other evidence, "without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor."  8 U.S.C. § 1158(b)(1)(B)(iii).  This Court "defer[s] to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.  Substantial evidence supports the agency's mixed credibility finding, i.e., that Valle Anaya was not credible as to his collaboration with a paramilitary group, his role in the

murder of a professor, or the danger he faced if returned to Colombia.

The agency reasonably relied on three inconsistencies. *See* 8 U.S.C. § 1158(b)(1)(B)(ii). First, Valle Anaya testified that he feared his wife and children would be kidnapped or killed if returned to Colombia, but also admitted that they had visited Colombia multiple times without incident since coming to the United States. Although voluntary "return trips alone are insufficient to establish [a] lack of credibility," they "may be relevant to credibility in the exercise of an IJ's informed discretion." *Kone v. Holder*, 596 F.3d 141, 150 (2d Cir. 2010). Here, the IJ did not rely solely on the voluntary trips to determine credibility, and did not clearly err in concluding that multiple, recent trips by Valle Anaya's family—none of whom were harmed—rendered his claim less credible.

Second, Valle Anaya testified that he had never associated with paramilitaries in Colombia, but claimed in his application that paramilitary members had warned him about assassins sent to kill him in 2006. Valle Anaya was unable to explain or resolve this discrepancy. Third, the

4

IJ concluded that Valle Anaya was not credible because documentary evidence contradicted his claim that he did not fabricate evidence against the professor. The evidence included Valle Anaya's 2017 Colombian conviction, the Colombian attorney general's report recommending his indictment, and media reports, all of which agreed that Valle Anaya had fabricated the evidence to tie the professor to FARC. Contrary to Valle Anaya's claim that the IJ should not have relied on this evidence due to it being hearsay or derived from a judgment entered in absentia, an IJ is permitted to base a credibility finding on "any other relevant factor" in the record, and is not limited in what those factors might be. 8 U.S.C. § 1158(b)(1)(B)(iii). Further, hearsay evidence is admissible in removal proceedings, and Valle Anaya does not offer any argument that the media reports are unreliable. *See Zhen Nan Lin v. U.S. Dep't of Justice*, 459 F.3d 255, 272 (2d Cir. 2006); *Matter of Stapleton*, 15 I. & N. Dec. 469, 470 (BIA 1975). And although Valle Anaya declined to be personally present for his trial, he was represented by counsel who made arguments on his behalf.

Finally, the agency reasonably concluded that Valle

5

Anaya's corroborating evidence did not otherwise satisfy his burden of proof. *See* 8 U.S.C. § 1158(b)(1)(B)(ii) ("The testimony . . . may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible . . . [and] persuasive . . . . In determining whether the applicant has met the . . . burden, the trier of fact may weigh the credible testimony along with other evidence of record."). "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). This Court "generally defer[s] to the agency's evaluation of the weight to be afforded an applicant's documentary evidence." *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013). Here, Valle Anaya provided letters from his wife and son, none of whom testified, which the IJ was not required to credit. *Id*. at 332, 334 (upholding BIA's decision to afford little weight to letter from applicant's spouse in China); *Matter of H-L-H & Z-Y-Z-*, 25 I.

& N. Dec. 209, 215 (B.I.A. 2010) (giving diminished evidentiary weight to letters from "relatives and friends," because they were from interested witnesses not subject to cross-examination), *rev'd on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012). Nor did these letters resolve the contradictions in Valle Anaya's testimony on which the credibility determination was made. *See Y.C.*, 741 F.3d at 332.

## II. CAT and Other Claims

Valle Anaya did not challenge the IJ's findings on removability or waiver of removability on appeal to the BIA, rendering those issues unexhausted. *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 123 (2d Cir. 2007) ("Judicially-imposed doctrines of issue exhaustion . . . will usually mean that issues not raised to the [Board] will not be examined by the reviewing court."). Valle Anaya argues that he impliedly challenged the waiver issue by challenging the IJ's credibility finding, because the waiver issue "is rooted in the issue of [Valle Anaya's] credibility." Pet. Br. at 13. But Valle Anaya challenged the credibility finding only in the context of the CAT claim, with no mention of waiver of

7

removability. The issue is therefore unexhausted and will not be addressed here. *Lin Zhong*, 480 F.3d at 123.

Valle Anaya's only exhausted claim is deferral of removal under the CAT, a mandatory form of relief that requires the applicant to show that he would more likely than not be tortured in the proposed country of removal. 8 C.F.R. §§ 1208.16(c), 1208.17; *Khouzam v. Ashcroft*, 361 F.3d 161, 168 (2d Cir. 2004). Not all harm rises to the level of torture; rather, it is an "'extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or degrading treatment or punishment that do not amount to torture.'" *San Chung Jo v. Gonzales*, 458 F.3d 104, 109 (2d Cir. 2006) (quoting 8 C.F.R. § 1208.18(a)(2)). Torture also requires that "government officials know of or remain willfully blind to an act and thereafter breach their legal responsibility to prevent it." *Khouzam*, 361 F.3d at 171.

Substantial evidence supports the agency's denial of deferral of removal on the merits because Valle Anaya had not shown he was likely to be tortured. Valle Anaya did not allege past torture. 8 C.F.R. § 1208.16(c)(3) (agency considers past torture). Instead, he claimed that he feared

8

retaliatory torture from FARC and other paramilitaries he investigated while serving in DAS, due to threatening calls and letters he and his wife received from September to December 2006.  But aside from Valle Anaya's own statements, he offers nothing to show that the threats were made by FARC or any other paramilitary.  *See Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . fear is speculative at best."). Valle Anaya did not show that he received further threats post-2006.  He claims that his attorney in Colombia had been sent threatening letters more recently, but did not submit those letters to the IJ.  Further, although Valle Anaya claims that FARC and similar groups remain a threat in Colombia, country conditions evidence instead indicates that the paramilitaries lack the same power they did when Valle Anaya was last in the country.

Finally, the agency reasonably concluded that Valle Anaya did not show government acquiescence.  *Khouzam*, 361 F.3d at 171.  Valle Anaya acknowledged in his testimony that the Colombian government has prosecuted members of FARC and other paramilitary groups.   He   insists   that   the   Colombian

9

government is corrupt, but corruption is not equivalent to government acquiescence to torture. *See* 8 C.F.R. § 1208.18(a) (acquiescence occurs when an official, before the torture occurs, is aware of the torture and thereafter "breach[es] his or her legal responsibility to intervene to prevent" it). In short, given the lack of "particularized evidence" suggesting torture is likely, the agency did not err in denying the deferral claim. *Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 159-60 (2d Cir. 2005); *Jian Xing Huang*, 421 F.3d at 129.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

10